IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10364
Summary Calendar
_____

DENNIS RAY PADEN,

                                         Petitioner-Appellant,

versus

BOB GUZIK, Warden,

                                         Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CV-178-Y
--------------------
October 17, 2001

Before DeMOSS, PARKER and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Dennis Ray Paden, federal prisoner #47044-079, appeals from the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition.  Upon independent review, this court concludes that the district court was correct in dismissing the petition for want of jurisdiction.

     "A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated."

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). "Section 2255 [of U.S.C. Title 28] provides the primary means of collaterally attacking a federal conviction and sentence. Relief under this section is warranted for errors that occurred at [or prior to] sentencing." Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001)(citations omitted).

"Nevertheless, a § 2241 petition which attacks custody resulting from a federally imposed sentence may be entertained when the petitioner can satisfy the requirements of the so-called 'savings clause' in § 2255." Jeffers, 253 F.3d at 830. That would be the case if "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. "[T]he burden of coming forward with evidence to show [this] rests squarely on the petitioner." Jeffers, 253 F.3d at 830.

To qualify under the savings clause, "the petitioner's claim must be based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense." Id. (citation and quotation marks omitted). "[T]he claim must [also] have been foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Id.

Paden has failed to make any such showing. Therefore, the district court's dismissal of Paden's habeas petition is due to be affirmed.

AFFIRMED.