IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40170
Conference Calendar

_____

RICHARD M. ANCIRA,

                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-294
--------------------
August 20, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Richard M. Ancira, federal prisoner # 52912-080, appeals the
district court's dismissal of his 28 U.S.C. § 2241 petition.  The
district court found that Ancira had not satisfied the
requirements of the "savings clause" of 28 U.S.C. § 2255, which
would allow him to raise his claims in a 28 U.S.C. § 2241
petition.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Under the savings clause, if the petitioner can show that 28 U.S.C. § 2255 provides him with an inadequate or ineffective remedy, he may proceed by way of 28 U.S.C. § 2241. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). A petitioner must show that (1) his claims are based on a retroactively applicable Supreme Court decision that establishes that the petitioner may have been convicted of a nonexistent offense, and (2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first 28 U.S.C. § 2255 motion. See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). The burden of coming forward with evidence to show the inadequacy of a 28 U.S.C. § 2255 motion "rests squarely on the petitioner." Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001).

On appeal, Ancira argues that the increase in his sentence based on his prior convictions violates Apprendi v. New Jersey, 530 U.S. 460 (2000). His argument fails. First, in Kinder v. Purdy, 222 F.3d 209, 213-14 (5th Cir. 2000), cert. denied, 531 U.S. 1132 (2001), this court held that a claim of actual innocence of a career-offender enhancement is not properly raised in a 28 U.S.C. § 2241 petition because the petitioner is not claiming actual innocence of the crime of conviction, only of the enhancement. Second, Apprendi specifically excepted prior convictions as elements of the offense. See Apprendi, 530 U.S. at 490. Third, there is no Apprendi violation even if Apprendi

applied, because Ancira was sentenced below the statutory maximum

of imprisonment.  <u>See</u> 21 U.S.C. § 841(b)(1)(B)(i).  Accordingly,

the dismissal of his 28 U.S.C. § 2241 petition is AFFIRMED.