**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Allan Roberto RIVERA–GARCIA, Defendant–Appellant.**

No. 04–41592.

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Decided Feb. 21, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Molly E. Odom, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM: *

Defendant–Appellant Allan Roberto Rivera–Garcia appeals his guilty-plea conviction and sentence for being found in the United States, without permission, following removal. *See* 8 U.S.C. § 1326(a),(b). Rivera–Garcia asserts that the sentencing provisions in 8 U.S.C. § 1326(b) are unconstitutional on their face and as applied in his case. This constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Rivera–Garcia contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298,

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

163 L.Ed.2d 260 (2005). Rivera–Garcia candidly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, raising it here solely to preserve it for further review. We affirm Rivera–Garcia's conviction.

Rivera–Garcia also insists that the district court committed reversible error when it sentenced him pursuant to the mandatory scheme United States Sentencing Guidelines (U.S.S.G.) that was ultimately held unconstitutional in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). In sentencing Rivera–Garcia under a mandatory guidelines regime, the district court committed error that we refer to as *Fanfan* error. *See United States v. Walters,* 418 F.3d 461, 463 (5th Cir.2005). The government concedes that Rivera–Garcia preserved his *Fanfan* claim for appellate review. To prevail, the government must prove that the *Fanfan* error in this case was harmless beyond a reasonable doubt. The government has not sustained this burden. *See id.* at 463–64. We are constrained to vacate Rivera–Garcia's sentence and remand the case for resentencing.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.