UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 19, 2006**

Charles R. Fulbruge III
Clerk

06-50838

MAURICEO MASHAWN BROWN,

Movant,

On Motion for Authorization to File
Successive Petition for Writ of Habeas
Corpus in the United States District Court
Before the Western District of Texas, San Antonio

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

BENAVIDES, Circuit Judge:

Mauriceo Brown is scheduled to be executed July 19, 2006. Through counsel, on July 18, 2006, Brown filed a motion for authorization to file a successive petition pursuant to 28 U.S.C. § 2244(b) and a motion for stay of execution. We deny leave to file the successive petition and the motion for stay of execution.

I.   STANDARD TO FILE SUCCESSIVE PETITION

Pursuant to 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Additionally, pursuant to section 2244(b)(2):

A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
  (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
  (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
  (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

"This standard has been described as 'a strict form of innocence, . . . roughly equivalent to the Supreme Court's definition of innocence or manifest miscarriage of justice in *Sawyer v. Whitley* [505 U.S. 333 (1992)]." *Johnson v. Dretke,* 442 F.3d 901, 911 (5th Cir. 2006) (quoting 2 RANDY HERTZ & JAMES S. LIEBMAN, FEDERAL HABEAS CORPUS PRACTICE & PROCEDURE § 28.3e, at 1459-60 (5th ed. 2005)).

II.  ANALYSIS


  A.    CONFRONTATION CLAUSE CLAIMS

  1.    ADMISSION OF WITNESS'S STATEMENT

Brown first argues that his right of confrontation as guaranteed under the Sixth Amendment and interpreted in *Crawford v. Washington,* 541 U.S. 36 (2004), was violated by the admission of his non-testifying codefendant's statement into evidence. We find Brown's reliance on *Crawford* misplaced. Foster's confession was

2

admitted against Foster, and the jury was specifically admonished that the evidence could not be considered against Brown. Thus, the testimony as presented was not testimony against Brown and did not violate the rule in *Crawford.* Moreover, this Court has held that *Crawford* does not apply retroactively on federal habeas. *Lave v. Dretke,* 444 F.3d 333, 334-36 (5th Cir. 2006).[1]

## 2. LIMITED CROSS-EXAMINATION

Brown next argues that he was denied his right of confrontation as guaranteed under the Sixth Amendment as interpreted by *Crawford* by the trial court's limited cross-examination of Mary Patrick, the only witness who was not an accomplice to the crime. First, *Crawford* is not applicable to this case. Indeed, Brown was able to cross-examine Patrick in open court. Brown's real complaint was that he was limited in his cross-examination. Second, because Brown previously raised this supposed confrontation clause violation in his motion for certificate of appealability (COA), which was denied by this Court, this claim must be dismissed. 28 U.S.C. § 2244(b)(1). Third, as the Director asserts, Brown does not proffer any newly discovered evidence distinct from his prior claim, which we rejected. 28

---

[1] Although the Supreme Court has granted certiorari in a Ninth Circuit case which holds that *Crawford* does apply retroactively, *see Whorton v. Bockting,* 399 F.3d 1010 (9th Cir. 2005), *cert. granted,* 126 S.Ct. 2017 (2006), "[w]e are bound by our precedent absent an intervening Supreme Court decision or a subsequent en banc decision." *United States v. Nalasco-Amaya,* 54 Fed.Appx. 412 (5th Cir. Nov. 6, 2002) (unpublished).

U.S.C. § 2244(b)(2). Fourth, assuming this constitutes a *Crawford* claim, as set forth above, it does not apply retroactively on federal habeas. *Lave,* 444 F.3d at 336.

### B.    CLAIM OF FREESTANDING INNOCENCE

Brown attempts to raise a freestanding claim of innocence. Brown's claim of innocence is based on the theory that he took the blame for the murder because he was threatened. However, it is apparent that, if such threats were made, Brown would have been acutely aware of them even before his trial. Thus, the basis of his actual innocence claim could hardly be said to be newly discovered evidence. Very recently, the Supreme Court has declined to resolve whether such a claim exists. *House v. Bell,* 126 S.Ct. 2064, 2086-87 (2006). Nonetheless, the Court concluded that "whatever burden a hypothetical freestanding innocence claim would require, this petitioner has not satisfied it." *Id.* at 2087. The threshold for such a claim would be "'extraordinarily high.'" *Id.* (quoting *Herrera v. Collins,* 506 U.S. 390, 417 (1993)). Brown's evidence falls far short of any such threshold.

### C.    EIGHTH AMENDMENT CLAIM

Relying on *Atkins v. Virginia,* 536 U.S. 304 (2002), which categorically bars the execution of mentally retarded persons, Brown argues that his execution would be in violation of the Eighth

4

Amendment. This Court has explained that to obtain permission to file a successive petition based on the new constitutional rule announced in *Atkins*, a petitioner must make a prima facie showing that "(1) his claim has not previously been presented in a prior application to this court, (2) his claim relies on a decision that stated a new, retroactively applicable rule of constitutional law that was previously unavailable to him, and (3) that he is mentally retarded." *In re Hearn*, 418 F.3d 444, 444-45 (5th Cir. 2005).

Brown did not raise an *Atkins* claim in his previous COA to this Court. With respect to whether an *Atkins* claim was available to him, Brown filed his initial federal petition in district court on February 2, 2002, and the Supreme Court issued its decision in *Atkins* on June 20, 2002. The district court denied Brown's petition in 2004. Under these circumstances, our case law indicates that an *Atkins* claim was not available to Brown. In *In re Wilson*, 442 F.3d 872 (5th Cir. 2006), this Court explained that Texas courts abided by a "two-forum rule" that prevented consideration of claims pending at the same time in federal court. Thus, "[n]ot only did the two-forum rule prevent Wilson from filing his *Atkins* claim in state court, it also kept him from amending his federal application to include an *Atkins* claim because it would have been dismissed as unexhausted." *Id*. at 876. Thus, it appears that Brown has made a prima facie showing on the first two requirements for obtaining permission to file a successive *Atkins*

5

claim.

The next question is whether Brown has made a prima facie showing of mental retardation. Subsequent to *Atkins*, Texas courts have followed the definition of mental retardation adopted by the American Association on Mental Retardation and the nearly identical definition set forth in section 591.003(13) of the Texas Health & Safety Code. *In re Salazar,* 443 F.3d 430, 432 (5th Cir.), *cert. denied,* 126 S.Ct. 1467 (2006). Pursuant to this test, a petitioner claiming mental retardation must demonstrate that "he suffers from a disability characterized by '(1) significantly subaverage general intellectual functioning,' usually defined as an I.Q. of about 70 or below; '(2) accompanied by related limitations in adaptive functioning; (3) the onset of which occurs prior to the age of 18." *Id.* (quoting *Ex parte Briseno*, 135 S.W.3d 1, 7 (Tex. Crim. App. 2004)) (internal quotation marks omitted).

Brown has failed to make a prima facie showing of mental retardation. In this regard, Brown fails to make a prima facie showing of either: significantly subaverage intellectual functioning; a deficit in adaptive functioning; or onset of mental retardation before the age of 18. The report Brown relies on indicates that his I.Q. is significantly above the range of mental retardation. Also, the report does not demonstrate deficits in specific areas of adaptive functioning. *See In re Salazar*, 443 F.3d at 432 ("Salazar offers no affirmative evidence tending to

show that he suffers from significantly subaverage general intellectual functioning or that any such intellectual functioning has been accompanied by related limitations in adaptive functioning."); *In re Johnson*, 334 F.3d 403, 404 (5th Cir. 2003) (denying leave to file a successive *Atkins* claim where the petitioner offered only two letters from a forensic psychologist listing areas of concern and a seventh-grade transcript reflecting failed courses).

Finally, as previously set forth, the motion for stay of execution was filed one day prior to the scheduled day of execution. We note additionally that, in contradiction of our local rules, counsel failed to attach a statement providing a detailed explanation under oath detailing the reason for the late filing. *See* Fifth Circuit Local Rule 8.10 (requiring such an explanation if permission to file a successive petition is filed within 5 days of the scheduled execution). Accordingly, we direct the Clerk to issue the mandate instanter. Fifth Circuit Local Rule 8.8. The request for leave to file a successive petition is DENIED. The motion for stay of execution is DENIED.