# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 4, 2007

Charles R. Fulbruge III
Clerk

No. 06-20129
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

NICHOLAS NNAJI

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-4309
USDC No. 4:01-CR-472-2

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Nicholas Nnaji, federal prisoner # 97766-079, was convicted by a jury of conspiracy and possession with intent to distribute heroin, and he was sentenced to 188 months in prison. He filed a 28 U.S.C. § 2255 motion challenging his conviction and sentence. The district court dismissed the motion and granted Nnaji a certificate of appealability (COA) on the issue whether the Supreme Court decision in Crawford v. Washington, 541 U.S. 36 (2004) applies

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

retroactively to cases on collateral review. We have since held that Crawford does not apply retroactively to such cases, and the district court's judgment in that regard is affirmed. See Lave v. Dretke, 444 F.3d 333, 336 (5th Cir. 2006), cert. denied, 127 S. Ct. 1472 (2007).

Nnaji also requests that this court expand the scope of the district court's grant of COA. He argues that he received ineffective assistance of trial counsel due to counsel's failure to investigate the facts of his case prior to Nnaji's suppression hearing. He also argues that counsel should have moved for a judgment of acquittal at the close of all of the evidence. He contends that the district court erred in finding that appellate counsel performed reasonably in raising only one issue on direct appeal. He maintains that the district court's use of facts not found beyond a reasonable doubt by the jury to enhance his sentence was structural error under Blakely v. Washington, 542 U.S. 296 (2004). He disagrees with the district court's determination that several of his proposed amended claims did not relate back to the core facts raised in his § 2255 motion and were, thus, time-barred. Nnaji lists, without elaboration, several claims that he contends were not addressed by the district court.

To obtain a COA, Nnaji must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). He must show that "reasonable jurists would find the district court's assessment of [his] constitutional claims debatable or wrong." Slack, 529 U.S. at 484. For claims that the district court dismissed on procedural grounds, Nnaji must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Nnaji has not made such a showing. Accordingly, his motion for COA on these additional issues is denied.

AFFIRMED; COA DENIED.