# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 11, 2007

Charles R. Fulbruge III
Clerk

No. 06-40994
Conference Calendar

UNITED STATES OF AMERICA

                    Plaintiff-Appellee

v.

ALLAN ROBERTO RIVERA-GARCIA

                    Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1081-ALL

Before REAVLEY, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Allan Roberto Rivera-Garcia was convicted of violating 8 U.S.C. § 1326 by being found in the United States without permission, following removal. He appeals the sentence imposed in his case following this court's remand for resentencing in light of United States v. Booker, 543 U.S. 220 (2005).

Rivera-Garcia challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

elements of the offense that must be found by a jury in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). A panel of this court rejected Rivera-Garcia's Apprendi-based argument in his initial appeal. United States v. Rivera-Garcia, 167 F. App'x 989, 989-90 (5th Cir.), cert. denied, 126 S. Ct. 2309 (2006). This court's previous decision stands as the law of the case. See United States v. Becerra, 155 F.3d 740, 752-53 (5th Cir. 1998).

Rivera-Garcia also contends that his sentence is unreasonable as a matter of law because it was imposed pursuant to a de facto mandatory sentencing scheme. He argues that post-Booker rulings issued by this court have effectively reinstated the mandatory sentencing system found unconstitutional in Booker. This court must follow its precedent addressing post-Booker sentencing unless an intervening en banc or Supreme Court decision renders the decisions inapplicable. See In re Brown, 457 F.3d 392, 395 n.1 (5th Cir. 2006). Rivera-Garcia has cited no such decision.

Rivera-Garcia's sentence, which falls within his properly calculated sentencing guideline range, is presumed reasonable. See Rita v. United States, 127 S. Ct. 2456, 2462-66 (2007); United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). Giving "great deference" to that sentence, and recognizing that the sentencing court considered all the factors for a fair sentence under 18 U.S.C. § 3553(a), we conclude that Rivera-Garcia has failed to rebut the presumption that his sentence was reasonable. See United States v. Nikonova, 480 F.3d 371, 376 (5th Cir.), cert. denied, 128 S. Ct. 163 (2007).

AFFIRMED.