IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 14, 2008

Charles R. Fulbruge III
Clerk

No. 06-31114
Summary Calendar

JEMETRIC DEBROW

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:03-CV-2219

Before REAVLEY, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jemetric Debrow, Louisiana prisoner # 340678, appeals from the denial of his application for habeas corpus relief pursuant to 28 U.S.C. § 2254. Debrow challenges his convictions of attempted second degree murder and armed robbery. We granted Debrow a certificate of appealability (COA) on the issue whether counsel was ineffective for failing to move for a mistrial or an instruction to disregard a witness's hearsay testimony. We denied Debrow a COA as to every other issue he raised in his COA motion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Debrow contends that Crawford v. Washington, 541 U.S. 36 (2004), was violated when the police witness offered hearsay testimony. This court denied Debrow a COA on the issue whether the trial court erred by admitting hearsay evidence. Loose papers, orange tab. A COA is a jurisdictional prerequisite for an appeal in a habeas action. Haynes v. Quarterman, 526 F.3d 189, 192 (5th Cir. 2008). We lack jurisdiction to address Debrow's contention.

Debrow contends that counsel's failure to move for a mistrial or request a limiting instruction constituted ineffective assistance because a sustained objection was inadequate to cure a harmful error. He argues that counsel's failure deprived him of a fair trial, but does not indicate exactly how that is so. He argues that counsel owed him the same level of legal representation received by the defendant in Crawford, without elaborating on how counsel's performance suffered by comparison to the representation in Crawford.

Viewed in the light of the evidence against Debrow, the testimony in question was not sufficiently prejudicial to warrant a mistrial, see State v. Tate, 880 So. 2d 255, 261 (La. App. 2004), and an instruction to disregard the hearsay testimony would not have affected the verdict. Debrow has not shown a reasonable probability that he would have been found not guilty had counsel requested an instruction to disregard. See Strickland v. Washington, 466 U.S. 668, 694 (1984).

Moreover, to the extent that Debrow's brief can be read as suggesting that counsel was ineffective for failing to raise a Crawford-like argument, Debrow was convicted before Crawford was decided. Crawford overruled previous Supreme Court caselaw regarding hearsay testimony. See Lave v. Dretke, 444 F.3d 333, 334 (5th Cir. 2006). Counsel does not render ineffective assistance by failing to anticipate changes in the law. Lucas v. Johnson, 132 F.3d 1069, 1078-79 (5th Cir. 1998).

AFFIRMED.