**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2009

Charles R. Fulbruge III
Clerk

No. 09-10074
Conference Calendar

NICANDRO P UCCIFERRI,

Petitioner-Appellant

v.

RODNEY CHANDLER, Warden Big Spring Federal Correctional Institution,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:08-CV-131

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:*

Nicandro P. Ucciferri, federal prisoner # 10339-018, appeals the dismissal for lack of jurisdiction of his 28 U.S.C. § 2241 petition challenging his sentence for maintaining a building for the purpose of manufacturing marijuana. Ucciferri argues that he is actually innocent, having been convicted of conduct that did not constitute a federal criminal offense.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ucciferri may bring this claim in a § 2241 proceeding only by demonstrating under the "savings clause" that the 28 U.S.C. § 2255 remedy would be "inadequate or ineffective." *Reyes-Requena v. United States*, 243 F.3d 893, 900 (5th Cir. 2001). "[T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which established that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id.* at 904. Conceding that his actual innocence claim meets neither prong of the *Reyes-Requena* test, Ucciferri nevertheless urges us to hold the savings clause inapplicable under the facts of his case. The *Reyes-Requena* actual innocence test, however, is binding precedent in this circuit. *See Wesson v. U.S. Penitentiary Beaumont, TX*, 305 F.3d 343, 347 (5th Cir. 2002); *see also In re Brown,* 457 F.3d 392, 394 n.1 (5th Cir. 2006).

AFFIRMED.