# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 23, 2009

Charles R. Fulbruge III
Clerk

No. 09-40217
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

DORA OLGA CANTU CHAPA,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:08-CR-1591-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Dora Olga Cantu Chapa appeals her guilty plea conviction for transporting an undocumented alien for private financial gain by means of a motor vehicle, in violation of 8 U.S.C. § 1324 and 18 U.S.C. § 2. She first argues that her guilty plea was involuntary and unknowing because her counsel provided ineffective assistance by failing to advise her that it was a "foregone conclusion" that she would be deported if she pleaded guilty. Cantu Chapa does not allege that counsel affirmatively misrepresented the deportation consequences of her guilty

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plea; she alleges only that counsel failed to research the deportation consequences of her plea and to warn her that her removal was a "virtual certainty." She contends that the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) has rendered deportation a virtual certainty in some cases, such as her case, and that deportation should be deemed in such cases to be a direct consequence of pleading guilty. Cantu Chapa alternatively requests adoption of a new rule providing that a defendant's guilty plea is unknowing where the defendant is unaware that deportation is a virtually certain consequence of pleading guilty.

These arguments are foreclosed by *Santos-Sanchez v. United States*, 548 F.3d 327, 333-36 (5th Cir. 2008), *petition for cert. filed* (Apr. 15, 2009) (No. 08-9888). "Absent an en banc or intervening Supreme Court decision, one panel of this court may not overrule a prior panel's decision." *United States v. Rodriguez-Jaimes*, 481 F.3d 283, 288 (5th Cir. 2007). Because this court is bound by its precedent absent an intervening Supreme Court case or a subsequent en banc decision, the grant of certiorari in *Padilla v. Kentucky*, 129 S. Ct. 1317 (2009), has no effect on the disposition of this matter. *See In re Brown*, 457 F.3d 392, 395 n.1 (5th Cir. 2006). Furthermore, Cantu Chapa was informed by the magistrate judge (MJ) at rearraignment that Cantu Chapa "more likely" would be deported back to Mexico.

Cantu Chapa also contends that the MJ and district court committed reversible error by failing to advise her of (1) her right to be represented by counsel, appointed if necessary, at trial and every other stage of the proceedings, *see* FED. R. CRIM. P. 11(b)(1)(D), and (2) her right to be protected from compelled self-incrimination, *see* FED. R. CRIM. P. 11(b)(1)(E). Plain error review applies to this issue. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). Cantu Chapa has not shown, as required by *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004), that these errors affected her substantial rights.

\* \* \*

The judgment of the district court is AFFIRMED.