# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30729
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 2, 2017

Lyle W. Cayce
Clerk

DWAYNE ERIC REED,

Petitioner-Appellant

v.

REBECCA CLAY, Warden, Federal Correctional Institution Oakdale,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:15-CV-2368

Before JONES, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

Petitioner Dwayne Eric Reed, federal prisoner # 03174-089, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition challenging his bank robbery conviction in the Eastern District of Wisconsin. In his § 2241 petition, Reed raised claims that his rights under the Confrontation Clause were violated at his trial and that his trial counsel was ineffective. He also claimed that he was actually innocent of the offense.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30729

On appeal, Reed maintains that the district court erred by requiring him to satisfy the savings clause of 28 U.S.C. § 2255(e).  He also further contends that his Confrontation Clause claim based on *Crawford v. Washington*, 541 U.S. 36 (2004), meets the requirements of the savings clause.  We review de novo the dismissal of a § 2241 petition.  *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000).

"A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).  However, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained under the savings clause of § 2255 if the petitioner establishes that the remedy provided under § 2255 is "inadequate or ineffective" to test the legality of his detention.  *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000). To make the showing required to proceed under the savings clause, Reed must establish that his claim is "(i) . . . based on a retroactively applicable Supreme Court decision which establishes that [he] . . . may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in [his] . . . trial, appeal, or first § 2255 motion."  *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). This showing "requires that a retroactively applicable Supreme Court decision establish that the petitioner is actually innocent," meaning that he "may have been imprisoned for conduct that was not prohibited by law."  *Jeffers v. Chandler*, 253 F.3d 827, 830-31 (5th Cir. 2001) (internal quotation marks and citation omitted).

The rule announced in *Crawford* is not retroactive to cases on collateral review.  *See Lave v. Dretke*, 444 F.3d 333, 334-36 (5th Cir. 2006).  Moreover, even if a hearsay statement was introduced at Reed's trial in violation of the

rule announced in *Crawford*, or if Reed's trial counsel was ineffective as claimed, neither would establish that Reed "may have been convicted of a nonexistent offense." *Reyes-Requena*, 243 F.3d at 904. He therefore fails to establish that these claims satisfy the savings clause. *See id.* Nor has Reed shown that his claim of actual innocence provides an exception to the requirement that a petitioner first satisfy the savings clause of § 2255(e) to challenge his conviction and sentence in a § 2241 petition.

Reed's contention that the district court erred by dismissing his claims for lack of jurisdiction, and that it instead should have transferred his petition to a court of proper jurisdiction, lacks merit. "[A] federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002). Here, the district court for the Western District of Louisiana had no jurisdiction to consider Reed's claims attacking his conviction under § 2255 because it was not the sentencing court. *See Pack*, 218 F.3d at 452. Neither was the district court required to transfer the petition to a court of appropriate jurisdiction. *See* § 2241(b). To the extent that Reed is asserting that the district court should have transferred his petition in the interest of justice, pursuant to 28 U.S.C. § 1631, he has provided nothing to support a determination that a transfer instead of a dismissal would have served the interests of justice. Finally, to the extent that Reed asserts that he should have been given an opportunity to amend the § 2241 petition, the district court did not err because any amendment of the petition would have been futile. *See Marucci Sports, LLC v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014).

AFFIRMED.