# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10494
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 7, 2014

Lyle W. Cayce
Clerk

JUANIN ALBERTO SUAREZ-O'NEIL,

Petitioner-Appellant

v.

WARDEN SIMS, Warden BSCC,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:14-CV-38

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Juanin Alberto Suarez-O'Neil, federal prisoner #71521-004, was convicted in the Southern District of Florida of conspiracy to possess with the intent to distribute cocaine while on a vessel subject to the jurisdiction of the United States, and possession with intent to distribute cocaine while on a vessel subject to the jurisdiction of the United States. He filed a purported habeas petition under 28 U.S.C. § 2241 in the Northern District of Texas,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

where he is incarcerated.  The district court construed the petition as a 28 U.S.C. § 2255 motion and dismissed it for want of jurisdiction.  He appeals the dismissal.

Suarez-O'Neil argued that the judgment was void because the Southern District of Florida falsely believed that it had jurisdiction.  Because he attacked the validity of his conviction, his petition was properly construed as a § 2255 motion.  *See Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000).  He does not show that his claims could be brought in a § 2241 petition under the savings clause of § 2255(e), because he has not alleged that his claims rely on a retroactively applicable Supreme Court decision that establishes that he was convicted of a nonexistent offense.  *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).  His challenge to the trial court's jurisdiction can be raised in a § 2255 motion.  § 2255(a).  Therefore, he has not shown that the remedy under § 2255 was inadequate or ineffective to test the legality of his detention. § 2255(e); *Jeffers*, 253 F.3d at 830.

Accordingly, the action was properly dismissed because the district court lacked jurisdiction over the § 2255 motion, which could be filed, if at all, in the district where Suarez-O'Neil was convicted.  *See Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005).  The judgment of the district court is, therefore, AFFIRMED.