# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-50172
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

December 16, 2016

Lyle W. Cayce
Clerk

JOHN LEE COCKERHAM, JR.,

Petitioner-Appellant

v.

J. S. WILLIS, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CV-382

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:*

John Lee Cockerham, Jr., federal prisoner # 97305-180, appeals the dismissal of his 28 U.S.C. § 2241 petition, which he filed to challenge his convictions of conspiring to commit an offense against or defraud the United States or an agency thereof, bribery, and conspiring to commit money laundering. Where, as here, a district court has dismissed a § 2241 petition on

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the pleadings, we review the dismissal de novo. *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000).

Cockerham claims that, due to a defect in his indictment, the district court lacked subject matter jurisdiction, and thus his convictions are invalid. He asserts that he should be allowed to raise the purported jurisdictional defect in a § 2241 petition.

Because Cockerham's § 2241 petition challenges alleged errors that occurred prior to sentencing, it is properly construed as a 28 U.S.C. § 2255 motion. *See Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005). Pursuant to the savings clause of § 2255, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained if the petitioner shows that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *see* § 2255(e). Cockerham, however, has not established that his claim of a lack of subject matter jurisdiction, predicated on allegations of a defective indictment, either is based upon a retroactive Supreme Court decision establishing that he was convicted of a nonexistent offense or was foreclosed by circuit law at the time of his trial, appeal, or first § 2255 motion. *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). He has therefore failed to show reversible error on the part of the district court. *See id.*

AFFIRMED.