# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50147
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

April 13, 2017

Lyle W. Cayce
Clerk

JOHN RANDALL FUTCH,

Petitioner-Appellant

v.

CHERON NASH, Warden, Federal Correctional Institute Bastrop,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:15-CV-881

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

John Randall Futch, federal prisoner # 08700-021, appeals the district court's denial of his 28 U.S.C. § 2241 petition, challenging the sentence he received on federal mail fraud charges on the ground that a prior state court conviction which had been used to calculate his criminal history was subsequently invalidated. He raised the identical claim in a 28 U.S.C. § 2255 motion filed in the court of conviction, but the motion was dismissed as time-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

barred.  As he did below, Futch contends that he is entitled to proceed under § 2241 pursuant to the savings clause of § 2255(e).

We review de novo the dismissal of a § 2241 petition.  *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).  Generally, claims of trial or sentencing errors are not properly raised in a § 2241 petition.  *Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000).  However, a § 2241 petition that attacks a federal conviction or sentence may be considered if the petitioner shows that § 2255 is "inadequate or ineffective to test the legality of his detention," § 2255(e), which in turn requires him to show that the claims are "based on a retroactively applicable Supreme Court decision which establishes that petitioner may have been convicted of a nonexistent offense," and that the claims were previously "foreclosed by circuit law," *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).  Futch must therefore prove that, in light of "a retroactively applicable Supreme Court decision, he was convicted for conduct that did not constitute a crime." *Jeffers v. Chandler*, 253 F.3d 827, 831 (5th Cir. 2001).

As the district court correctly determined, Futch has failed to make such a showing.  He does not rely on a previously unavailable, retroactive Supreme Court decision indicating that he is innocent of the offense of conviction.  *See id*.  Instead, he argues that he could not have raised his proposed claim in a second § 2255 motion due to successiveness.  The argument is belied by the record, which shows that he in fact raised a timely and successful challenge to his similarly calculated sentence on federal drug charges in a second § 2255 motion after the Georgia Supreme Court invalidated his prior state conviction.  Even were that not so, § 2255 relief is not inadequate or ineffective merely because such a motion would be time-barred, was previously denied, or would not meet the requirements for authorization to file a second or successive motion. *Pack*, 218 F.3d at 452-53.

No. 16-50147

The district court's judgment is AFFIRMED. Futch's motions to expedite his appeal and for leave to file a second supplemental brief are DENIED.