# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30555
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 14, 2018

Lyle W. Cayce
Clerk

DARRELL WAYNE COLLINS,

Petitioner - Appellant

v.

J.A. BARNHART, Warden, Federal Correctional Institution Pollock,

Respondent - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:17-CV-335

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Darrell Wayne Collins, federal prisoner # 14482-064 and proceeding *pro se*, contests the dismissal of his 28 U.S.C. § 2241 petition, which challenges the 25-year sentence imposed after a jury found him guilty of eight counts relating to his involvement in a cocaine-distribution conspiracy, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 843(b). He claims, pursuant to *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *United States v. Hinkle*, 832 F.3d 569 (5th

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-30555

Cir. 2016): his previous Oklahoma state conviction for second-degree burglary no longer qualifies as a predicate offense for purposes of the Armed Career Criminal Act; and, therefore, the court erroneously sentenced him as a career offender.

In contending he is entitled to invoke the savings clause of 28 U.S.C. § 2255, Collins maintains: (1) any remedy under § 2255 would be inadequate to test the legality of his detention because his § 2241 petition is based on a claim of actual innocence due to statutory interpretation; (2) both *Mathis* and *Hinkle* have retroactive effect in this circuit; and (3) failure to provide relief would result in a miscarriage of justice because the sentencing enhancement was a "grave" error. For the reasons that follow, the dismissal was proper.

The dismissal of a § 2241 petition is reviewed *de novo*. *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000). "A section 2241 petition that seeks to challenge the validity of a federal *sentence* must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000) (emphasis added).

In that regard, a § 2241 petition attacking custody resulting from a federally imposed sentence may be entertained under § 2255's savings clause if petitioner establishes the remedy provided under § 2255 is "inadequate or ineffective" to test the legality of his detention. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000). To satisfy that standard, Collins must establish his claim: is "(i) . . . based on a retroactively applicable Supreme Court decision which establishes that [he] may have been convicted of a nonexistent *offense* and (ii) . . . was foreclosed by circuit law at the time when the claim should have been raised in [his] trial, appeal, or first § 2255 motion". *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001) (emphasis added).

2

No. 17-30555

The first "factor requires that a retroactively applicable Supreme Court decision establish that the petitioner is actually innocent", meaning he "may have been imprisoned for conduct that was not prohibited by law". *Jeffers v. Chandler*, 253 F.3d 827, 830–31 (5th Cir. 2001) (internal quotation marks and citation omitted). Collins' assertions the court erred in sentencing him as a career offender do not meet this standard because the claims do not rely on a retroactively applicable Supreme Court decision showing he was convicted of a nonexistent offense. *Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005). Additionally, a remedy under § 2255 is not inadequate or ineffective based solely on Collins' previous § 2255 motion being unsuccessful or because any of Collins' subsequently filed § 2255 motions will likely be classified as successive and, thus, barred. *Jeffers*, 253 F.3d at 830; *Kinder*, 222 F.3d at 213.

AFFIRMED.