# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-41142
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 5, 2018

Lyle W. Cayce
Clerk

JASON WALKER,

Petitioner–Appellant,

versus

DEREK EDGE,

Respondent–Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:16-CV-191

Before SMITH, ELROD, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Jason Walker, federal prisoner #46203-177, appeals the dismissal of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-41142

28 U.S.C. § 2241 petition.  Walker was convicted of conspiracy to possess with intent to distribute a controlled substance, was determined to be a career offender under the sentencing guidelines, and was sentenced to 200 months of imprisonment and four years of supervised release.  In his petition, he contended that in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), and this court's subsequent caselaw, his Texas drug convictions no longer qualify as predicate offenses for the career-offender sentence enhancement.

This court reviews the dismissal of a § 2241 petition *de novo*.  *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).  To proceed under § 2241, Walker had to meet the requirements of the savings clause in § 2255(e) by showing that his claim was "(i) . . . based on a retroactively applicable Supreme Court decision which establishes that [he] . . . may have been convicted of a non-existent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in [his] . . . trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Because *Mathis* implicates the validity of a sentence enhancement, *Mathis* does not establish that Walker was convicted of a nonexistent offense. *See Padilla v. United States*, 416 F.3d 424, 425−27 (5th Cir. 2005).  Therefore, the district court did not err in determining that Walker failed to meet the requirements of the savings clause of § 2255(e).  Finally, and contrary to Walker's assertion, his unsuccessful § 2255 motion and his inability to satisfy the successive requirements in § 2255(h) do not entitle him to proceed under § 2241 without meeting the requirements of the savings clause.  *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

The judgment of dismissal is AFFIRMED.