REVISED – June 25, 2001

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 99-41461

_____

GARLAND JEFFERS,

Petitioner-Appellant,

v.

ERNEST CHANDLER, Warden, U.S. Penitentiary,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas, Beaumont

_____

June 8, 2001

(Opinion November 27, 2000, 5th Cir. 2000, _____F.3d _____)

Before DUHÉ and PARKER, Circuit Judges, and LINDSAY[1], District
Judge.

PER CURIAM:

The petition for rehearing en banc is DENIED and the petition
for panel rehearing is GRANTED. The panel's opinion filed November
27, 2000, published at 234 F.3d 277 (5th Cir. 2000), is withdrawn
and the following opinion is substituted therefor.

Garland Jeffers ("Jeffers") appeals the district court's
dismissal of his 28 U.S.C. § 2241 petition. For the following

_____

[1]District Judge of the Northern District of Texas, sitting by
designation.

reasons, we AFFIRM.

FACTS AND PROCEDURAL HISTORY

Jeffers was convicted of engaging in a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848. He was sentenced to life imprisonment to be served consecutively with a 15-year sentence for a prior conviction for conspiring to distribute heroin and cocaine. See United States v. Jeffers, 532 F.2d 1101, 1105 (7th Cir. 1976), aff'd in part and vacated in part, 432 U.S. 137, 97 S. Ct. 2207, 53 L. Ed. 2d 168 (1977). The Supreme Court affirmed Jeffers's conviction but vacated his cumulative fines. Id. at 157-58, 97 S. Ct. at 2220. Jeffers then filed several unsuccessful § 2255 motions in the Seventh Circuit.

Jeffers also filed an unsuccessful § 2241 petition challenging his CCE conviction in the Middle District of Pennsylvania. The Third Circuit affirmed. Jeffers then filed a § 2241 petition attacking his CCE conviction in the Eastern District of Texas where he is incarcerated. The magistrate judge recommended that it be construed as a § 2255 motion and denied as time-barred and as a successive motion filed without this court's permission. The district court adopted the magistrate judge's Report and Recommendation over Jeffers's objections and dismissed the case. This court denied Jeffers a certificate of appealability ("COA").

Jeffers then filed a petition for a writ of habeas corpus, invoking § 2241, in the Eastern District of Texas. Relying on Richardson v. United States, 526 U.S. 813, 119 S. Ct. 1707, 143 L. Ed. 2d 985 (1999), Jeffers argued that his CCE conviction resulted

3

from constitutionally deficient jury instructions. In Richardson, the Supreme Court concluded that a jury in a CCE case must unanimously convict the defendant on each of the specific violations that make up the alleged continuing series of violations. Richardson, 526 U.S. at 824, 119 S. Ct. at 1713. Jeffers contends that the jury instructions given at his trial did not include instructions requiring the jury to do this. He argues that Richardson should be applied retroactively under Bousley v. United States, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998).

Jeffers contends that he may raise his Richardson claim in a § 2241 petition because the § 2255 remedy is inadequate and ineffective. He comes to this conclusion because he was unable to raise this claim in his prior § 2255 motions, since the Richardson decision was not in existence at the time. He argues, therefore, that he had no reasonable opportunity to obtain earlier judicial correction of the alleged defect in his conviction. He also contends that because of the Richardson decision, he can now show that he is actually innocent of the CCE charge because he was never found guilty beyond a reasonable doubt on the continuing series of drug violations element of the charge.

The district court dismissed Jeffers's § 2241 petition, finding that Jeffers failed to show that § 2255 relief was inadequate or ineffective. The district court, noting that some other circuits have held that § 2241 relief may be available to a

4

federal prisoner seeking to attack his conviction in certain limited instances, found that this was not one of those instances. The court found that to allow Jeffers to bring his claim in a § 2241 petition would render the restrictions regarding successive § 2255 motions meaningless and allow Jeffers to circumvent the intent of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat 1214 (1996).

Jeffers filed a timely notice of appeal and a request for a COA. The district court denied Jeffers's request for a COA.

DISCUSSION

Because he is proceeding under § 2241, Jeffers need not obtain a COA. See Ojo v. INS, 106 F.3d 680, 681-82 (5th Cir. 1997); see also 28 U.S.C. § 2253. In an appeal from the denial of habeas relief, this court reviews a district court's findings of fact for clear error and issues of law de novo. See Moody v. Johnson, 139 F.3d 477, 480 (5th Cir. 1998).

Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). Relief under this section is warranted for errors that occurred at trial or sentencing. Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990).

Section 2241 is correctly used to attack the manner in which a sentence is executed. Tolliver, 211 F.3d at 877. A petition filed under § 2241 which attacks errors that occurred at trial or

sentencing is properly construed as a § 2255 motion. Id. at 877-78.

Nevertheless, a § 2241 petition which attacks custody resulting from a federally imposed sentence may be entertained when the petitioner can satisfy the requirements of the so-called "savings clause" in § 2255. See id. at 878; McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). That clause states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that <u>the remedy by motion is inadequate or ineffective to test the legality of his detention</u>.

28 U.S.C. § 2255 (emphasis added). A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner. McGhee, 604 F.2d at 10. A prior unsuccessful § 2255 motion, or the inability to meet the AEDPA's second or successive requirement, does not make § 2255 inadequate or ineffective. Tolliver, 211 F.3d at 878.

A panel of this court recently set forth the factors that must be satisfied for a petitioner to file a § 2241 petition in connection with § 2255's savings clause. See Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001). First, the petitioner's claim must be "based on a retroactively applicable

6

Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense." Id. at 904. Second, the claim must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Id.

We have also recently held that the Supreme Court's decision in Richardson is "generally retroactively applicable on collateral review." United States v. Lopez, No. 99-31282, 2001 WL 388092, at *3 (5th Cir. Apr. 16, 2001).[2]

Nevertheless, we hold that Jeffers has failed to satisfy the first prong of Reyes-Requena's savings clause test. That factor requires that a retroactively applicable Supreme Court decision establish that the petitioner is "actually innocent." See Reyes-Requena, 243 F.3d at 903-04. In explaining this requirement, we stated that "the core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." Id. at 903.

The petitioner in Reyes-Requena challenged his conviction in light of the Supreme Court's decision in Bailey v. United States, 516 U.S. 137, 116 S. Ct. 501, 133 L. Ed. 2d 472 (1995). In that case, the Court held that the term "use" in 18 U.SC. § 941(c)(1),

---

[2]The court in Lopez held that the bar to the retroactive application of "new constitutional rules of criminal procedure" under Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989) was inapplicable, "because Richardson consisted of the Supreme Court's interpretation of a statute." Lopez, 2001 WL 388092, at *3.

7

the section under which Reyes-Requena had been charged, required "an active employment of the firearm by the defendant." Bailey, 516 U.S. at 143, 116 S. Ct. at 505. Reyes-Requena alleged that the facts of his case would not support his conviction under §941(c)(1) as interpreted by the Court in Bailey. Therefore, we concluded that "[b]ecause his claim is that he has been imprisoned for non-criminal conduct, as acknowledged by Bailey, he meets the actual innocence prong of our savings clause test." Reyes-Requena, 243 F.3d at 904.

Jeffers's claims are distinguishable from those at issue in Reyes-Requena. Jeffers argues that he can prove he is "actually innocent" under Richardson because the jurors were never instructed that they had to unanimously convict him on each of the specific violations that made up the alleged continuing series of violations, and therefore he was never found guilty beyond a reasonable doubt on an essential element of the § 848 charge. But this does not amount to a claim that Jeffers was convicted of "a nonexistent offense" as required by Reyes-Requena's actual innocence prong. "Actual innocence" for the purposes of our savings clause test could only be shown if Jeffers could prove that based on a retroactively applicable Supreme Court decision, he was convicted for conduct that did not constitute a crime. Richardson, however, has no effect on whether the facts in Jeffers's case would support his conviction for a substantive offense.

In sum, although the lack of an instruction requiring a unanimous jury verdict as to each of the predicate offenses underlying the CCE violation may have been a defect in Jeffers's trial, it is not the sort of defect that can support a claim under the savings clause of § 2255. Accordingly, the district court's denial of Jeffers's § 2241 petition was not error.

AFFIRMED.