IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40792
Summary Calendar
_____


DONALD JACKSON,

                                        Petitioner-Appellant,

                        versus

            ERNEST V. CHANDLER, Warden;
    UNITED STATES PENITENTIARY BEAUMONT TX,

                                        Respondents-Appellees.

--------------------
Appeal from the United States District Court
     for the Eastern District of Texas
          USDC No. 1:01-CV-127
--------------------
December 27, 2001
Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Donald Jackson appeals from a dismissal of his 28 U.S.C.
§ 2241 petition based on Apprendi[**] claims.  In order to file a 28
U.S.C. § 2241 petition pursuant to 28 U.S.C. § 2255's savings
clause, Jackson must demonstrate that 1) his claim is based on a
retroactively applicable Supreme Court decision which establishes
that the petitioner may have been convicted of a nonexistent
offense, and 2) his claim was foreclosed by circuit law at the time
when the claim should have been raised in the petitioner's trial,

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

    [**] Apprendi v. New Jersey, 530 U.S. 466 (2000).

appeal, or first 28 U.S.C. § 2255 petition.  Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001); see also Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001).

Jackson does not present a prima facie Apprendi claim because the 322-month sentence (262 months for the assault count, plus 60 months for the firearm count) he received does not exceed the 384-month statutory maximum (300 months for the assault, plus 84 months for the firearm).  United States v. Jackson, 50 F.3d 1335, 1337 (5th Cir. 1995); 18 U.S.C. §§ 2114; 924(c).  Apprendi thus does not apply.  See United States v. Doggett, 230 F.3d 160, 165 (5th Cir. 2000), cert. denied, 121 S. Ct. 1152 (2001).

Jackson also raises an issue of prosecutorial misconduct.  The appropriate vehicle to address this issue is through a § 2255 petition, not a § 2241 petition.  Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001).  Accordingly, the district court's dismissal of Jackson's § 2241 is AFFIRMED.