IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40215
Summary Calendar
_____

RAY CHARLES FIELDS,

                                        Petitioner-Appellant,

versus

MICHAEL PURDY, Warden,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-01-CV-74
--------------------
July 17, 2002

Before DAVIS, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Ray Charles Fields, a federal prisoner (# 24508-077), appeals from the district court's order dismissing his 28 U.S.C. § 2241 habeas petition, in which he sought to challenge his 1995 convictions and sentences for a continuing criminal enterprise ("CCE") and other counts associated with a drug-trafficking enterprise.  The district court concluded that Fields' 28 U.S.C. § 2241 petition, which followed two unsuccessful 28 U.S.C. § 2255 motions to vacate, was not authorized under the "savings clause"

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the latter statute.  Fields argues that he is entitled to bring two claims under the savings provision:  (1) he is "actually innocent" of the CCE count, because under an intervening Supreme Court decision, Richardson v. United States, 526 U.S. 813 (1999), the CCE count failed to charge that he committed three specific CCE violations and the district court failed to charge the jury accordingly; and (2) his sentences for two counts of possession of cocaine with intent to distribute were invalid under Apprendi v. New Jersey, 530 U.S. 466 (2000), in that the district failed to instruct the jury on the essential element of drug quantity.

To trigger the savings clause of 28 U.S.C. § 2255, a habeas petitioner's claim (1) must be "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and (2) must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first [28 U.S.C.] § 2255 motion."  Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).  Because Fields' argument as to the CCE count does not amount to a claim that he was convicted of conduct that did not constitute a crime, he has failed to satisfy the first prong of the savings clause test.  See Jeffers v. Chandler, 253 F.3d 827, 830-31 (5th Cir. 2001), cert. denied, 423 U.S. 1066 (2001).  As to his claim that the district court failed to instruct the jury on drug quantity, Fields is not entitled to relief, regardless of the retroactivity of Apprendi, because the record reflects that Fields' drug-

trafficking organization distributed more than 1,000 kilograms of cocaine.  See United States v. Cotton, 122 S. Ct. 1781, 1785-86 (2002).

The district court's judgment dismissing Fields' habeas corpus petition is AFFIRMED.