IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40610
Summary Calendar
_____

MANLEY CARGILL,

Petitioner-Appellant,

versus

JONATHON DOBRE, Warden,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-18
--------------------
October 1, 2002

Before JOLLY, JONES and PARKER, Circuit Judges.

PER CURIAM:[*]

Manley Cargill, federal prisoner # 41436-004, appeals from

the dismissal of his 28 U.S.C. § 2241 petition challenging his

1990 convictions and sentences for, <u>inter</u> <u>alia</u>, a continuing

criminal enterprise ("CCE"), conspiracies to import marijuana and

cocaine, and distribution of marijuana.  Cargill's petition

followed an unsuccessful 28 U.S.C. § 2255 motion and a request to

file a successive 28 U.S.C. § 2255 motion.  The district court

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

determined that Cargill's petition was not authorized under the "savings clause" of 28 U.S.C. § 2255.

To trigger the savings clause of 28 U.S.C. § 2255, a habeas petitioner's claim (1) must be "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and (2) must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion."  Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).  Cargill argues under Rutledge v. United States, 517 U.S. 292 (1996), that his sentences for CCE and conspiracy must be set aside because the conspiracy offenses were improperly used as the predicate offenses for the CCE offense.  The court need not address the merits of Cargill's claim because, as Rutledge was decided in 1996, Cargill has not shown that his argument was foreclosed at the time he filed his first 28 U.S.C. § 2255 motion in 1997.  See Reyes-Requena, 243 F.3d at 904.

Relying on Richardson v. United States, 526 U.S. 813 (1999), Cargill also argues that the district court failed to instruct the jury that, to find him guilty of the CCE offense, it must unanimously agree on which three acts constituted the series of violations making up the continuing criminal enterprise.  This argument does not amount to a claim that Cargill was convicted of conduct that did not constitute a crime, and Cargill has failed

to satisfy the first prong of the savings clause test.  See Jeffers v. Chandler, 253 F.3d 827, 830-31 (5th Cir. 2001).

Cargill has not briefed his claim raised in the district court that the jury was not instructed to find drug quantity as an essential element of the offenses in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000).  Accordingly, that claim is deemed abandoned.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

AFFIRMED.