# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40562
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 23, 2016

Lyle W. Cayce
Clerk

JORGE ALBERTO MARTINEZ,

Petitioner-Appellant

v.

SCOTT YOUNG, Warden of Federal Correctional Institution Texarkana,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:14-CV-20

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Jorge Alberto Martinez, federal prisoner # 26745-051, appeals the dismissal of his 28 U.S.C. § 2241 habeas corpus petition challenging his having been found guilty in a prison disciplinary proceeding. He complains that he was denied procedural due process, based on *Wolff v. McDonnell*, 418 U.S. 539 (1974), when his staff representative failed to obtain evidence that would have exonerated him from the charge of viewing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pornography on a computer in the prison computer laboratory. Martinez asserts that after his disciplinary hearing and release from administrative segregation, he obtained new evidence that he presented in his final appeal to the Central Office which should have resulted in a reversal of the finding of guilt.

"In an appeal from the denial of habeas relief, this court reviews a district court's findings of fact for clear error and issues of law *de novo*." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). Because Martinez lost earned good time credits, he was entitled to due process as recognized in *Wolff. See Wolff*, 418 U.S. 563-70; *Henson v. United States Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). A review of the disciplinary record reflects that Martinez received all of the procedural process to which he was due under *Wolff*. The record shows that Martinez was given (1) written notice of the charges, (2) the opportunity to call witnesses and present documentary evidence in his defense, and (3) a written statement of the evidence relied on and the reasons for the disciplinary action taken. *Wolff,* 418 U.S. at 563-70.

Martinez cannot complain about the adequacy of his staff representative's assistance because he was not entitled to retained or appointed counsel for the disciplinary proceedings. *Wolff*, 418 U.S. at 570. Neither did Martinez show that he was illiterate or that the case was so complex that he was unable to present evidence. *Id.* His assertion made for the first time on appeal that he was not fluent in English is not subject to review. *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs., Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000). Because Martinez was not constitutionally entitled to representation, the failure of his staff counsel to seek a continuance did not result in a denial of due process. Further, the record reflects that Martinez indicated to the disciplinary hearing officer that he was prepared to proceed

No. 15-40562

with the hearing, and he provides no valid explanation for his failure to request more time to obtain evidence. Martinez's argument, made for the first time in his notice of appeal, that the *Accardi*[1] doctrine required the Bureau of Prisons to provide him with adequate staff representation to assist him in obtaining evidence is not subject to review. *See Stewart Glass & Mirror, Inc.,* 200 F.3d at 316-17.

Martinez next contends that the new evidence he obtained conclusively demonstrated that he was innocent of committing the prohibited act. Martinez argues that, when the evidence is in conflict, the decision must be made based on the greater weight of the evidence, which he contends proves his innocence and a decision otherwise would be arbitrary and capricious.

The findings of a prison disciplinary hearing should not be disturbed unless they are arbitrary and capricious. *See Stewart v. Thigpen*, 730 F.2d 1002, 1005 (5th Cir. 1984). We need not undertake a de novo review of the DHO's findings of fact and must consider only whether there are at least "some basis in fact" or a "modicum of evidence" to support the disciplinary conviction. *Superintendent, Massachusetts Corr. Inst. v. Hill,* 472 U.S. 445, 454-56 (1985).

The record reflects that the disciplinary hearing officer relied on the written statement and subsequent memorandum of the charging officer regarding her eye witness observation of the inmates who were involved in the viewing of pornography and photographs of the physical evidence subsequently recovered from the hard drives of the computer. The records shows that there was evidence presented that supports Martinez's disciplinary conviction. *See Hill*, 472 U.S. at 454-56. Contrary to Martinez's contention, we may not consider the weight of the evidence or make credibility determinations in reviewing the finding of guilt in the disciplinary proceeding. *Id.* at 455.

---

[1] *United States ex. rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954).

No. 15-40562

Martinez has not shown that the disciplinary decision was arbitrary or capricious. *See Stewart v. Thigpen*, 730 F.2d 1002, 1005 (5th Cir. 1984). The judgment of the district court is AFFIRMED.