# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30585
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 23, 2016

Lyle W. Cayce
Clerk

DWAYNE HAROLD SMITH,

Petitioner-Appellant

v.

T.G. WERLICH, Warden, Federal Correctional Institution Pollock Medium,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:15-CV-515

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Dwayne Harold Smith, federal inmate # 20375-009, was convicted in the Eastern District of Arkansas after a jury found him guilty of traveling in interstate commerce with intent to commit murder for hire, in violation of 18 U.S.C. § 1958(a). He was sentenced to life in prison. He filed a petition under 28 U.S.C. § 2241 in the United States District Court for the Western District of Louisiana, where he is incarcerated. The district court construed the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

petition as a 28 U.S.C. § 2255 motion and dismissed it for want of jurisdiction. Smith challenges the dismissal.

Smith contends that under *Rosemond v. United States*, 134 S. Ct. 1240 (2014), which set forth the Government's burden of proof with respect to the mens rea to convict under 18 U.S.C. § 2 for aiding and abetting an 18 U.S.C. § 924(c) offense, he was convicted of a nonexistent offense. To the extent that § 2255 is reserved for questions of constitutional magnitude, and Smith's claim goes to statutory interpretation, his claim is arguably not cognizable under § 2255. *See Reyes-Requena v. United States*, 243 F.3d 893, 900-01 (5th Cir. 2001). Smith has not shown, however, that his claim could be brought in a § 2241 petition under the savings clause of § 2255(e) because, even if *Rosemond* applies retroactively, he has not established his claim was foreclosed previously. The law in the Eighth Circuit, the circuit in which he was convicted, was consistent with *Rosemond* and, in fact, was cited in *Rosemond*. 134 S. Ct. at 1249 (citing *United States v. Akiti*, 701 F.3d 883, 887 (8th Cir. 2012)).

Furthermore, Smith has not shown that under *Rosemond* he was convicted of a nonexistent offense given that he was not convicted under § 2, and he has not cited authority applying *Rosemond* to an offense under § 1958(a). Thus, he does not make the requisite showing that he was convicted for conduct that did not constitute a crime. *See Jeffers*, 253 F.3d at 831. Given that *Rosemond* is inapposite, he otherwise fails to show that § 2255 is unavailable or ineffective to challenge the legality of his conviction and sentence.

Accordingly, the petition was properly dismissed because the district court lacked jurisdiction over the § 2255 motion, which could be filed, if at all, in the district where Smith was sentenced. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

AFFIRMED.