# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-40552
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 30, 2016

Lyle W. Cayce
Clerk

JAMES DINKINS,

Petitioner-Appellant

v.

CHARLES A. DANIELS, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:14-CV-339

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

James Dinkins was convicted in the District of Maryland in 2009 of conspiracy to distribute narcotics under 21 U.S.C. § 846; murder with intent to prevent attendance and testimony in an official proceeding and prevent communication of information about a federal offense to law enforcement under 18 U.S.C. §§ 1512(a)(1)(A) and (C); use of a firearm to further a drug-trafficking crime under 18 U.S.C. § 924(c)(1)(A)(iii); and willfully causing the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40552

death of a person through use of a firearm in furtherance of a drug-trafficking crime under § 924(j).  He sought 28 U.S.C. § 2255 relief in 2013, but was denied.  He instituted this case under 28 U.S.C. § 2241 to challenge his convictions and sentences.

In his current appeal, Dinkins asserts that two cases—*Arthur Anderson LLP v. United States*, 544 U.S. 696 (2005), and *Fowler v. United States*, 563 U.S. 668 (2011)—establish that the conduct for which he was convicted was not criminal.  Those decisions predated his § 2255 motion and therefore may not be urged in a § 2241 challenge in connection with the § 2255(e) savings clause, which requires, among other things, that the petitioner's claim was foreclosed by circuit law when it should have been raised in the petitioner's trial, appeal, or first § 2255 motion.  *See Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010).  And to the extent that Dinkins may be understood to persist in a claim of factual, rather than legal, innocence, he fails to show that factual innocence creates an exception to the requirements for challenging a conviction and sentence in a § 2241 petition.  *See* § 2255(e); *Garland*, 615 F.3d at 394.

The district court did not error by concluding that § 2241 relief was unavailable to Dinkins, *see Jeffers v. Chandler*, 253 F.3d 827, 831 (5th Cir. 2001), and dismissing his § 2241 petition.

AFFIRMED.