# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 16-40660
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

June 16, 2017

Lyle W. Cayce
Clerk

JOHNNY JACKSON,

Petitioner-Appellant

v.

CHARLES A. DANIELS, Warden,

Respondent-Appellee

————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:15-CV-36

————

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Johnny Jackson, federal prisoner # 00220-748, is serving a 100-year sentence for various offenses related to his role in a drug conspiracy. He now appeals the district court's dismissal of his 28 U.S.C. § 2241 petition. He argues that he received an illegal sentence because, he contends, it was higher than the statutory maximum sentence and was based on a Guidelines range

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40660

that also exceeds the statutory maximum sentence.  We review the district court's legal determinations *de novo* and its factual findings for clear error. *Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005).

Generally a federal prisoner must seek relief under 28 U.S.C. § 2255 if he wishes to challenge his conviction or sentence. *Id.* at 425–26.  Nevertheless, he may raise claims in a Section 2241 petition where the remedy under Section 2255 is inadequate or ineffective and thus the claims fall within the savings clause of Section 2255(e). *Id.* at 426.  He must establish that his claims (1) are based on a retroactively applicable Supreme Court decision that establishes that he may have been convicted of a nonexistent offense and (2) were foreclosed by circuit law at the time of his trial, direct appeal, or first Section 2255 motion. *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).  To meet the first prong, he must show "that based on a retroactively applicable Supreme Court decision, he was convicted for conduct that did not constitute a crime." *Jeffers v. Chandler*, 253 F.3d 827, 831 (5th Cir. 2001).

Jackson does not argue that he was convicted of a now non-existent offense.  Instead, he asserts that his sentence was illegal because the Guidelines range and the prison term he ultimately received exceeded the statutory maximum sentence.  However, a challenge to the legality of the sentence does not fall within the savings clause. *See Padilla*, 416 F.3d at 426–27.

AFFIRMED.