# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30314
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 16, 2018

Lyle W. Cayce
Clerk

BLAKE SANDLAIN,

Petitioner-Appellant

v.

C. JOHNSON,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:17-CV-1546

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Blake Sandlain, federal prisoner number 12250-088, was convicted in the Eastern District of Michigan of possession with intent to distribute a controlled substance and being a felon in possession of a firearm. He now appeals the dismissal of his 28 U.S.C. § 2241 petition, which he filed in the Western District of Louisiana, where he is currently incarcerated. In his petition, Sandlain sought relief from the career offender enhancement under

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30314

U.S.S.G. § 4B1.1 based on *Mathis v. United States*, 136 S. Ct. 2243 (2016).  We review the dismissal of his petition *de novo*.  *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003).

A prisoner may use Section 2241 to challenge his sentence only if it "appears that the remedy [under Section 2255] is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  A Section 2241 petition is not a substitute for a Section 2255 motion, and Sandlain must establish the inadequacy or ineffectiveness of a Section 2255 motion by meeting the savings clause of Section 2255.  *See* § 2255(e); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).  Under that clause, Sandlain must show that his petition sets forth a claim "based on a retroactively applicable Supreme Court decision which establishes that [he] may have been convicted of a nonexistent offense" and that the claim "was foreclosed by circuit law at the time when [it] should have been raised in [his] trial, appeal, or first [Section] 2255 motion."  *Reyes-Requena*, 243 F.3d at 904.

Because the decision in *Mathis* implicates the validity of a sentence enhancement, *Mathis* does not establish that Sandlain was convicted of a nonexistent offense.  *See Padilla v. United States*, 416 F.3d 424, 425-27 (5th Cir. 2005).  Therefore, the district court did not err in determining that Sandlain failed to satisfy the requirements of the savings clause of Section 2255(e).  *See Reyes-Requena*, 243 F.3d at 904.

The judgment of the district court is AFFIRMED.  Sandlain's motion for judicial notice is DENIED.