# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40265
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 16, 2019

Lyle W. Cayce
Clerk

DOUGLAS LEE BARLOW,

Petitioner-Appellant

v.

CHARLES DANIELS, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:14-CV-546

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Douglas Lee Barlow, federal prisoner # 60089-079, was convicted following a jury trial in the Southern District of Texas in 1993 of, inter alia, conspiracy to tamper with a witness, in violation of 18 U.S.C. § 371, and tampering with a witness, in violation of 18 U.S.C. §§ 1512(a)(1)(C), 2. He sought 28 U.S.C. § 2255 relief in 1997 and 2014, but both motions were denied.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40265

He instituted this case under 28 U.S.C. § 2241 to challenge his convictions and sentences.  He also moves for appointment of counsel.

In his current appeal, Barlow asserts that *Fowler v. United States*, 563 U.S. 668 (2011), establishes that he was convicted for a nonexistent offense. However, he is unable to show that his claim based on *Fowler* was foreclosed at the time of his trial, direct appeal, or first § 2255 motion and therefore cannot satisfy the requirements of the § 2255(e) savings clause.  *See Garland v. Roy*, 615 F.3d 391, 398 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *United States v. Causey*, 185 F.3d 407, 421-23 (5th Cir. 1999).  To the extent that Barlow's other claims assert factual, rather than legal, innocence, he fails to show that factual innocence creates an exception to the requirements for challenging a conviction and sentence in a § 2241 petition.  *See* § 2255(e); *Jeffers v. Chandler*, 253 F.3d 827, 831 (5th Cir. 2001); *Reyes-Requena*, 243 F.3d at 903-04.

Accordingly, the district court did not err in determining that § 2241 relief was unavailable to Barlow.  *See Reyes-Requena*, 243 F.3d at 904.  The judgment of the district court is AFFIRMED.  His motion for appointment of counsel is DENIED.