# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10095
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 5, 2020

Lyle W. Cayce
Clerk

WILLIAM J. AXSOM, II,

Petitioner-Appellant

v.

ERIC D. WILSON, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CV-830

Before BENAVIDES, GRAVES, and HO, Circuit Judges.

PER CURIAM:[*]

William J. Axsom, II, federal prisoner # 21830-009, appeals the district court's dismissal for lack of jurisdiction of his 28 U.S.C. § 2241 petition challenging his convictions of distribution of child pornography, 18 U.S.C. § 2252(a)(2), and possession of child pornography, § 2252(a)(4)(B), for which he was sentenced to 180 months in prison. According to Axsom, he is actually innocent of the offenses of conviction because *Esquivel-Quintana v. Sessions*,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

137 S. Ct. 1562 (2017), reduced the range of conduct to which § 2252 and 18 U.S.C. § 2256 apply when it held that the generic federal definition of minor is a person under 16 years of age.

We review the district court's findings of fact for clear error and conclusions of law de novo. *See Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003). As the district court concluded, *Esquivel-Quintana* does not apply in the instant matter. The term "minor," as used § 2252, is defined in § 2256, and, unlike the immigration statute at issue in *Esquivel-Quintana*, § 2256 unambiguously defines a minor as a "person under the age of eighteen years." § 2256. *Esquivel-Quintana*, therefore, whether retroactively applicable or not, does not establish that Axsom may have been convicted of a nonexistent offense, and the savings clause is unavailable to Axsom. *See* § 2255(e); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Because Axsom fails to satisfy the savings clause of § 2255(e), his claims are not properly brought under § 2241. *See Christopher*, 342 F.3d at 381; *Jeffers v. Chandler*, 253 F.3d 827, 830-31 (5th Cir. 2001). The decision of the district court is AFFIRMED.