# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 24, 2020

No. 18-60807
Summary Calendar

Lyle W. Cayce
Clerk

PAUL WINFIELD,

Petitioner-Appellant

v.

UNITED STATES PROBATION & PRETRIAL SERVICES; CHRIS COUNTS,

Respondents-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:18-CV-11

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

Paul Winfield, former federal prisoner # 17050-043, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition in which he challenged his conviction for bribery concerning programs receiving federal funds, in violation of 18 U.S.C. § 666(a)(1)(B). The district court found that he did not satisfy the savings clause of 28 U.S.C. § 2255(e). We review the district court's factual

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60807

findings for clear error and its legal conclusions de novo. *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003).

A prisoner may use § 2241 to challenge his conviction only if the remedy under § 2255 is inadequate or ineffective to contest the legality of his detention. § 2255(e). Winfield must establish the inadequacy or ineffectiveness of a § 2255 motion by satisfying the criteria of the savings clause of § 2255. *See* § 2255(e); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Under this circuit's existing precedent, Winfield can meet that criteria if he shows that his petition presents a claim based on a retroactively applicable Supreme Court decision that supports that he may have been convicted of a nonexistent offense and that the claim was foreclosed by circuit law when it should have been raised at trial, on direct appeal, or in his initial § 2255 motion. *See Reyes-Requena*, 243 F.3d at 904.

Winfield contests the legality of his conviction and argues that he can satisfy the *Reyes-Requena* criteria in light of the Supreme Court's decision in *McDonnell v. United States*, 136 S. Ct. 2355 (2016). He contends that even though the Court in *McDonnell* did not construe his statute of conviction, the decision—which he asserts is retroactively applicable—is apposite because it narrowed the conduct that qualified as bribery and set forth principles for how guilt should be decided in prosecutions for federal bribery offenses. Winfield asserts that the holding of *McDonnell* indicates that § 666 is overbroad, that he was charged with, and convicted of, a nonexistent offense, and that his prosecution raised federalism concerns.

In *McDonnell*, the Court construed the definition of "official act" as used in 18 U.S.C. § 201(a)(3), and did not delimit, consider, or invalidate an element of § 666. *See* 136 S. Ct. at 2365-2375. The decision in *McDonnell* did not

No. 18-60807

address § 666 and interpreted a component of a materially different crime. 136 S. Ct. at 2365-75.  Moreover, a bribery offense under § 666 is not restricted to "official acts," as defined in § 201(a)(3) and interpreted by *McDonnell*, and broadly bars corruptly soliciting or accepting a thing of value in exchange for influence or reward in connection with any business, transaction, or series of transactions.  § 666(a)(1)(B) & § 666(b); *see United States v. Whitfield*, 590 F.3d 325, 345-47 (5th Cir. 2009); *cf. Salinas v. United States*, 522 U.S. 52, 56-58 (1997) (describing expansive language of § 666 and rejecting arguments in favor of circumscribing text).  Thus, there is no basis to conclude that the holding of *McDonnell* applies to the expansive language of § 666 that, by its plain text, covers more than "official acts."  *See* § 666(a)(1)(B) & § 666(b).

Winfield has not shown that he was convicted of a nonexistent offense in light of *McDonnell*.  Thus, regardless whether *McDonnell* applies retroactively, or his instant challenge to § 666 was previously foreclosed, he has not established that he can meet the *Reyes-Requena* requirements to proceed under the savings clause. 243 F.3d at 903-04; *see also Jeffers*, 253 F.3d at 830.

Accordingly, the judgment of the district court is AFFIRMED.