# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 27, 2020

Lyle W. Cayce
Clerk

No. 19-10801
Summary Calendar

Phillip Robinette,

*Petitioner—Appellant*,

*versus*

Eric Wilson, *Warden*, Federal Medical Center Fort Worth,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CV-561

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Phillip Robinette, former federal prisoner # 26845-077, pleaded guilty to one count of conspiracy to distribute or possess with intent to distribute methamphetamine and Gamma Hydroxybutrate (GHB) and was sentenced

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-10801

to 240 months in prison.  He appeals the dismissal of his 28 U.S.C. § 2241 petition on jurisdictional grounds.  We review the dismissal *de novo*.  *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

Robinette's § 2241 petition asserts claims concerning the validity and legality of his conviction.  A prisoner may use § 2241 to attack his conviction and sentence if the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge the legality of his detention.  § 2255(e).  A § 2241 petition cannot be used as a substitute for a § 2255 motion; Robinette must show the inadequacy or ineffectiveness of a § 2255 motion by satisfying the savings clause of § 2255.  *See* § 2255(e); *Jeffers*, 253 F.3d at 830; *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).  Under that clause, he must demonstrate that his petition raises a claim based on a retroactively applicable Supreme Court decision that establishes that he may have been convicted of a nonexistent offense and that the claim was foreclosed when it should have been presented in his trial, direct appeal, or original § 2255 motion.  *See Reyes-Requena*, 243 F.3d at 904.

Robinette's contention that the savings clause of § 2255(e) is available to him because his challenges to the judgment of conviction have not been reviewed previously on the merits is unavailing.  *See Jeffers*, 253 F.3d at 830; *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000).  Also, to the extent he argues that the actual innocence standard is an exception to the savings clause, he has not established that actual innocence provides a gateway for review of claims raised in a § 2241 petition.  *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Schlup v. Delo*, 513 U.S. 298, 315 (1995).  He otherwise has not asserted or shown that he relies on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense.  *See Reyes-Requena*, 243 F.3d at 904.

No. 19-10801

Thus, the district court did not err in concluding that § 2241 relief was unavailable. *See Jeffers*, 253 F.3d at 830-31. Accordingly, the judgment of the district court is AFFIRMED.