# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 17, 2021

Lyle W. Cayce
Clerk

No. 19-60761
Summary Calendar

Michael Starnes,

*Petitioner—Appellant*,

*versus*

Cheron Nash, *Warden,* Federal Correctional Institute Yazoo City Medium,

*Respondent—Appellee.*

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:17-CV-891

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Michael Starnes, federal prisoner # 11642-042, is serving a total of 50 years of imprisonment following his conviction by a jury of ten counts of federal drug trafficking and firearms offenses. He now appeals the district

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition, which we review de novo. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). To pursue relief under § 2241, Starnes was required to satisfy the 28 U.S.C. § 2255(e) savings clause by establishing that his claim (1) "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense," and (2) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Relying on the Supreme Court's decision in *United States v. O'Brien*, 560 U.S. 218 (2010), Starnes argues that his conviction and sentence as to count five should be vacated because the determination that he possessed a machinegun in furtherance of a drug trafficking crime was not made by the jury but by the trial judge as a sentencing factor. He further argues that this claim was foreclosed by circuit law when he filed his initial § 2255 motion because a standalone *O'Brien* claim would necessarily be an actual innocence claim, which this court does not recognize on federal habeas review. *See In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009). However, Starnes cannot establish that his claim was foreclosed by circuit law when he filed his first § 2255 motion. *See Reyes-Requena*, 243 F.3d at 904. First, *O'Brien* was decided months before Starnes filed his initial § 2255. *See O'Brien*, 560 U.S. at 218. Second, his *O'Brien* claim is not one of actual innocence, but a procedural argument. *See id.* at 221. Thus, the district court did not err in determining that Starnes failed to meet the requirements of the § 2255(e) savings clause.

Accordingly, the judgment of the district court is AFFIRMED.