# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 5, 2021

Lyle W. Cayce
Clerk

No. 20-10273
Summary Calendar

Michael James Blum,

*Petitioner—Appellant*,

*versus*

Warden Eric Wilson,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CV-264

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Michael James Blum was convicted by a jury of production, receipt, and possession of child pornography and was sentenced to concurrent terms of 188 months of imprisonment on the production and receipt counts and 120 months of imprisonment on the possession count. *United States v. Blum*, 404

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10273

F. App'x 89, 90 (8th Cir. 2010) (per curiam). He previously filed several unsuccessful motions to vacate his conviction under 28 U.S.C. § 2255. He then filed a 28 U.S.C. § 2241 motion to challenge his conviction using the savings clause of § 2255(e). The district court dismissed the motion for lack of jurisdiction. Blum now appeals that dismissal. We review a district court's dismissal for lack of jurisdiction de novo. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (per curiam).

A prisoner may use § 2241 to attack his conviction and sentence if the remedy under § 2255 is inadequate or ineffective to challenge the legality of his detention. § 2255(e). To show the inadequacy or ineffectiveness of a § 2255 motion, Blum must demonstrate that (1) his petition raises a claim that is based on a retroactively applicable decision of the Supreme Court; (2) the Supreme Court decision establishes that he was actually innocent of the charges against him; and (3) his claim was foreclosed when it should have been presented in his trial, direct appeal, or original § 2255 motion. *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Blum relies on *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013), in support of his argument that he satisfies the savings clause requirements. However, that decision does not establish that Blum's claims are based on a retroactively applicable Supreme Court opinion that establishes that he was convicted of a nonexistent offense. *See Reyes-Requena*, 243 F.3d at 904. *McQuiggin* held that a petitioner who could prove actual innocence could overcome the statute of limitations on federal habeas petitions. 569 U.S. at 386. It did not decide that the conduct leading to Blum's conviction was "an act that the law does not make criminal," which is the required showing under the actual innocence prong of the savings clause test. *See Reyes-Requena*, 243 F.3d at 904–05 (quoting *Bousley v. United States*, 523 U.S. 614, 620 (1998)). Thus, *McQuiggin* is inapplicable to Blum's § 2241 petition.

No. 20-10273

The district court did not err in concluding that § 2241 relief was unavailable. Therefore, the judgment of the district court is AFFIRMED.