# United States Court of Appeals for the Fifth Circuit

---

No. 21-50077
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
March 3, 2023

Lyle W. Cayce
Clerk

Todd Ricks,

*Petitioner—Appellant*,

*versus*

Warden FNU LNU, *FCI Bastrop*,

*Respondent—Appellee*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:19-CV-1041

---

Before Stewart, Dennis, and Willett, *Circuit Judges*.

Per Curiam:[*]

Todd Ricks, federal prisoner # 83035-180, appeals from the dismissal without prejudice for lack of jurisdiction of his 28 U.S.C. § 2241 petition challenging the legality of his sentences for possession of a firearm and ammunition by a convicted felon, possession of a firearm in furtherance of drug trafficking, and maintaining a house used for manufacturing

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

methamphetamine.    The district court determined that Ricks could not challenge his sentence under § 2241 because he failed to satisfy the "savings clause" of 28 U.S.C. § 2255(e).

A § 2255 motion is the primary vehicle for collaterally attacking a federal sentence. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). However, a prisoner may challenge the basis of his federal custody in a § 2241 petition if he shows that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention.  § 2255(e); *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001).  To make that showing, a prisoner must present a claim "(i) that is based on a retroactively applicable Supreme Court decision which establishes that [he] may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena*, 243 F.3d at 904.

The district court correctly concluded that Ricks had failed to identify a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense.  Ricks essentially repeats those arguments on appeal.  He accordingly fails to show that the district court erred by dismissing his § 2241 petition for lack of jurisdiction. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

AFFIRMED.