# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-40639
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
August 23, 2024

Lyle W. Cayce
Clerk

Earl Francis Hart,

                *Petitioner—Appellant*,

*versus*

Charles Daniels, *Warden, USP Beaumont*,

                *Respondent—Appellee*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:23-CV-165

_____

Before Wiener, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Earl Francis Hart, federal prisoner # 27106-038, appeals the dismissal of a 28 U.S.C. § 2241 petition challenging his convictions and sentences for conspiracy to possess with intent to distribute Oxycodone, attempted possession with intent to distribute Oxycodone, possession of a firearm and ammunition by a felon, and using and brandishing a firearm in furtherance of

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

a drug trafficking crime.  We review the district court's factual findings for clear error and its legal conclusions de novo.  *Jeffrey v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

To collaterally challenge his convictions under § 2241, Hart must satisfy the "'saving clause'" of 28 U.S.C. § 2255(e) by showing that "unusual circumstances make it impossible or impracticable to seek relief in the sentencing court."  *Jones v. Hendrix*, 599 U.S. 465, 478 (2023).  He has abandoned any argument that he has satisfied the savings clause by failing to brief it before this court.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  To the extent Hart contends that actual innocence is an exception to the savings clause, he has not established that actual innocence provides a gateway for review of claims raised in a § 2241 petition.  *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Schlup v. Delo*, 513 U.S. 298, 315 (1995).

The judgment of the district court is AFFIRMED.  Hart's motion for the appointment of counsel is DENIED.