# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-30822
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

December 30, 2024

Lyle W. Cayce
Clerk

Jeffrey Moore,

*Petitioner—Appellant*,

*versus*

United States of America,

*Respondent—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:23-CV-783

———————————————————————

Before Jones, Smith, and Dennis, *Circuit Judges*.

Per Curiam:[*]

Jeffrey Moore, federal prisoner # 57023-177, appeals the dismissal of his 28 U.S.C. § 2241 petition challenging his convictions for possession with intent to distribute methamphetamine and possession of a firearm in furtherance of a drug trafficking offense. His motion for leave to file an addendum is GRANTED. We review the district court's factual findings

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

for clear error and its legal conclusions de novo. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

To collaterally challenge his convictions under § 2241, Moore must satisfy the "'saving clause'" of 28 U.S.C. § 2255(e) by showing that "unusual circumstances make it impossible or impracticable to seek relief in the sentencing court." *Jones v. Hendrix*, 599 U.S. 465, 478 (2023). He has abandoned any such argument by failing to brief it before this court. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). His reliance on cases applying this court's prior interpretation of § 2255(e), which the Supreme Court rejected in *Jones*, 599 U.S. at 477, is misplaced. To the extent he further asserts that the district court's proper dismissal of the § 2241 petition violated his First Amendment right to petition the Government for a redress of grievances, he also abandons that argument by failing to brief it adequately. *See Yohey*, 985 F.2d at 224-25.

Moore also contends, for the first time on appeal, that a showing of actual innocence overcomes the failure to satisfy § 2255(e) and that limiting the ability to pursue habeas relief violates the Suspension Clause. We need not consider whether the forfeited arguments are reviewable de novo or for plain error, as he shows no error, plain or otherwise. *See Wallace v. Mississippi*, 43 F.4th 482, 494-96 (5th Cir. 2022). Moore cites no authority indicating that actual innocence provides a gateway to pursue collateral review under § 2241 without satisfying *Jones*. Indeed, the Supreme Court in *Jones* rejected an argument that the savings clause was subject to an equitable exception for actual innocence because Congress had not made a clear statement otherwise. *See Jones*, 599 U.S. at 490-92. His argument that congressional limits on postconviction review violate the Suspension Clause also is unavailing. *See Felker v. Turpin*, 518 U.S. 651, 663-64 (1996).

AFFIRMED.