# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 18, 2025

Lyle W. Cayce
Clerk

No. 24-30793

———————

Zachary Andrew Stinson,

*Petitioner—Appellant*,

*versus*

Felipe Martinez, Jr., *Warden, Federal Correctional Institution Oakdale I,*

*Respondent—Appellee.*

———————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:23-CV-751

———————————————————

Before Wiener, Douglas, and Ramirez, *Circuit Judges.*

Per Curiam:[*]

Petitioner-Appellant Zachary Stinson appeals the district court's denial and dismissal of his 28 U.S.C. § 2241 petition for habeas corpus relief. We DISMISS his petition as moot.

On December 18, 2019, Stinson was sentenced to a 132-month term of imprisonment and five years of supervised release for violating 18 U.S.C.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

§ 2423(b), Transportation of Minors—Travel with Intent to Engage in Illicit Sexual Conduct. On that day, he was remanded to the custody of Bureau of Prisons (BOP). Nearly eleven months later, on November 5, 2020, Stinson was transferred to FCI Oakdale, his designated Bureau of Prisons facility. On May 8, 2025, Stinson was transferred to a residential reentry center, a form of pre-release custody.

In June 2023, Stinson filed a *pro se* 28 U.S.C. § 2241 petition against Respondent-Appellee Felipe Martinez, Jr, the warden at FCI Oakdale. His petition objected to BOP's calculation of his earned time credits (ETCs). Specifically, Stinson challenged BOP's refusal to recognize his ETCs for the eleven months he was in federal custody between December 2019 and November 2020.

After conducting a review of the record, the district court denied and dismissed Stinson's petition with prejudice. Stinson timely appealed.

Because Stinson is proceeding under 28 U.S.C. § 2241, he need not obtain a certificate of appealability for this court to review the district court's judgment. 28 U.S.C. § 2253; *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (per curiam). In denials of § 2241 petitions, this court reviews the district court's factual findings for clear error and its legal conclusions *de novo*. *Jeffers*, 253 F.3d at 830. "The district court's denial of relief may be affirmed on any basis apparent in the record." *Moore v. Vannoy*, 968 F.3d 482, 485 (5th Cir. 2020) (citation omitted).

 Before we can reach the merits of Stinson's petition, we must determine whether we have jurisdiction. Questions of subject-matter jurisdiction can be properly raised and considered at any point of litigation. *See Keyes v. Gunn*, 890 F.3d 232, 235 n.4 (5th Cir. 2018). "On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (citation omitted).

"A moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999). "A case becomes moot only when it is impossible for a court to grant any effectual relief what[so]ever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (cleaned up).

Under the First Step Act (FSA), the BOP awards a prisoner with ETCs after he or she completes recidivism-reduction programming and activities. 18 U.S.C. § 3632(d)(4)(A). It is undisputed that Stinson successfully completed several hours of such programming and thereby earned hundreds of ETCs while incarcerated at FCI Oakdale. The FSA further provides that ETCs may only be applied towards an early start of supervised release or early transfer to pre-release custody. 18 U.S.C. § 3632(d)(4)(C). If an inmate will be placed on supervised release after he serves his term of incarceration, the FSA permits him to apply up to 365 ETCs so that he can begin his term of supervised release up to one year earlier, subject to certain other qualifications. 18 U.S.C. § 3624(g)(3). Any additional ETCs that an inmate has earned can be applied towards early transfer to pre-release custody. *See* 18 U.S.C. § 3624(g).

Stinson's petition is moot because, according to one of his FSA Time Credit Assessments, from November 5, 2020, until September 5, 2023, he earned 480 ETCs. Out of those 480 ETCs, 365 were applied to expedite his release to supervised release by one year. The remaining 115 credits could only be applied towards early transfer to pre-release custody. Because Stinson was transferred to pre-release custody on May 8, 2025, there is no additional relief to which he is entitled under the FSA for the remainder of the time credits that he has earned at FCI Oakdale. Moreover, even if this court were to reach the merits of the appeal and find that Stinson was entitled to FSA ETCs for the period at issue, the FSA does not permit him to apply

No. 24-30793

any additional credits to expedite his transfer to supervised release. 18 U.S.C. § 3624(g)(3).

We DISMISS Stinson's 28 U.S.C. § 2241 petition as moot.