# United States Court of Appeals
# for the Fifth Circuit

_____

No. 25-10274
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
September 23, 2025

Lyle W. Cayce
Clerk

Brandy D. Hilton,

*Petitioner—Appellant*,

*versus*

Tyal Rule, *Warden, Carswell FMC*,

*Respondent—Appellee*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CV-830

_____

Before Barksdale, Richman, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Brandy D. Hilton, federal prisoner # 54948-074 and proceeding *pro se* in district court and on appeal, contests the denial of her 28 U.S.C. § 2241 habeas corpus petition and seeks appointment of counsel. The district court concluded her petition failed due to, *inter alia*, want of exhaustion. When considering the denial of § 2241 relief, our court reviews the district court's

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10274

factual findings for clear error; its legal conclusions, *de novo*. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

Hilton contends the court erred by concluding: she is not entitled to receive time credits under Section 3632 of the First Step Act of 2018 (FSA), Pub. L. No. 115-391, § 3632, 132 Stat. 5194, 5195; and her pre-release custody request is not actionable under § 2241. She failed, however, to brief the court's ruling that she had not exhausted her administrative remedies, thereby abandoning any contention to the contrary on appeal. *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). This provides a sufficient basis on which to uphold the district court's judgment. *Fillingham v. United States*, 867 F.3d 531, 535 (5th Cir. 2017).

Turning to Hilton's request for appointment of counsel, she fails to show the requisite exceptional circumstances warranting such appointment. *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

AFFIRMED; request for appointed counsel DENIED.