# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30892
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 29, 2019

Lyle W. Cayce
Clerk

LOUIS JAMES,

Petitioner-Appellant

v.

UNITED STATES OF AMERICA,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:18-CV-638

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Louis James, federal prisoner # 14248-026, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition in which he challenged his convictions for possession with intent to distribute 50 grams or more of cocaine base, carrying and possessing a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a convicted felon. The district court for the Western District of Louisiana, where James was incarcerated at the time he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30892

filed his § 2241 petition, found that he did not meet the requirements of the savings clause of 28 U.S.C. § 2255(e).  Because the district court dismissed the § 2241 petition on the pleadings, this court's review is de novo.  *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A petitioner may use § 2241 to challenge his conviction only if the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." § 2255(e).  A § 2241 petition cannot be used as a substitute for a § 2255 motion, and the petitioner must demonstrate the inadequacy or ineffectiveness of a § 2255 motion by satisfying the savings clause of § 2255.  *See* § 2255(e); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).  Under that clause, James must show that his petition sets forth a claim based on a retroactively applicable Supreme Court decision that supports that he may have been convicted of a nonexistent offense and that the claim was foreclosed when it should have been asserted in his trial, direct appeal, or original § 2255 motion.  *See Reyes-Requena*, 243 F.3d at 904.

James contends only that the district court erred by construing his petition as bringing claims under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016).  Although he asserts that the correct legal standard for his claims is *Davis v. United States*, 417 U.S. 333 (1974), he fails to cite any retroactively applicable Supreme Court decision, unavailable at the time of his first § 2255 motion, that establishes he may have been convicted of a nonexistent offense or to otherwise explain how relief under § 2255 would be inadequate or ineffective.  *See Jeffers*, 253 F.3d at 830; *Reyes-Requena*, 243 F.3d at 904.

Accordingly, the judgment of the district court is AFFIRMED.