# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-11272
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 3, 2019

Lyle W. Cayce
Clerk

PAUL R. BUTTS,

Petitioner - Appellant

v.

ERIC D. WILSON, Warden, FMC-Fort Worth,

Respondent - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CV-1033

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Paul R. Butts, federal prisoner # 84674-008 and proceeding *pro se*, challenges the dismissal of his 28 U.S.C. § 2241 petition, in which he contests his convictions in 2008 for distributing and possessing child pornography, in violation of 18 U.S.C. §§ 2252A and 2256, and his resulting sentence of, *inter alia*, 220-months' imprisonment. He asserts on appeal: he is actually innocent of the charged offenses; the district court in 2008 lacked jurisdiction because

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-11272

the Government failed to allege or prove that any of the images he possessed or distributed had traveled in interstate commerce; and the immediate district court's refusal to consider the claim results in a complete miscarriage of justice.

The dismissal of Butts' § 2241 petition is reviewed *de novo*. *Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005). In that regard, a prisoner may use § 2241 to challenge his conviction only if the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to contest the legality of his detention. § 2255(e).

A § 2241 petition is not a substitute for a § 2255 motion, and, to meet the savings clause of § 2255(e), Butts must establish the inadequacy or ineffectiveness of a § 2255 motion. *See* § 2255(e); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). To satisfy that clause, he must show his petition states a claim that: "is based on a retroactively applicable Supreme Court decision which establishes . . . [he] may have been convicted of a nonexistent offense"; and "was foreclosed by circuit law at the time when the claim should have been raised in [his] trial, appeal, or first § 2255 motion". *Reyes-Requena*, 243 F.3d at 904.

Butts has waived—by failing to brief—any contention challenging the district court's conclusion that his claim did not qualify for savings-clause relief because it did not rely on any retroactively applicable Supreme Court decision. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Along that line, he has not identified a retroactively applicable Supreme Court decision concerning whether he was convicted of conduct that is not a crime. *See Padilla*, 416 F.3d at 425–26.

No. 18-11272

Although Butts urges that the court's refusal to consider his claim results in a miscarriage of justice, the true nature of his complaint is that he cannot meet the requirements for filing a successive § 2255 motion, but he should nevertheless be allowed to proceed because his claim is based on new circuit-court decisions not available at the time of his conviction. As the court concluded correctly, however, Butts' inability to meet the requirements for filing a successive § 2255 motion does not entitle him to proceed under § 2241. *See Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

AFFIRMED.