# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 18-50410
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 17, 2019

Lyle W. Cayce
Clerk

MAURO T. PADILLA, III,

Petitioner-Appellant

v.

UNITED STATES OF AMERICA,

Respondent-Appellee

————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:18-CV-315

————

Before JONES, HIGGINSON, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Mauro T. Padilla, III, federal prisoner # 52315-280, has applied for leave to proceed in forma pauperis (IFP) in this appeal from the dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the sentence imposed upon his conviction of making false statements to a federally insured institution. We have construed Padilla's application for leave to proceed IFP as a challenge to the district court's determination that his appeal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

has not been brought in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).  For the following reasons, Padilla has failed to raise non-frivolous legal points arguable on their merits.

A motion under 28 U.S.C. § 2255 is the primary means of collaterally attacking a federal sentence, and relief is granted for errors that occurred at trial or sentencing.  *Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000).  Section 2241, on the other hand, is used to challenge "the manner in which a sentence is executed."  *Id.* at 877.  A petition, like Padilla's, that is filed under § 2241 and raises errors that occurred at or prior to sentencing should be construed as a § 2255 motion.  *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005).  Because Padilla has previously filed a motion under § 2255, his motion would be dismissed as successive as construed in this way.

However, under the Savings Clause, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained if the petitioner shows that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention.  *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *see also* 28 U.S.C. § 2255(e).  The petitioner has the burden of affirmatively showing that the § 2255 remedy is inadequate or ineffective.  *See Wesson v. United States Penitentiary Beaumont, TX*, 305 F.3d 343, 347 (5th Cir. 2002).  He must show that his claims are "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and were "foreclosed by circuit law at the time when the claim[s] should have been raised

No. 18-50410

in [his] trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *see also Jeffers*, 253 F.3d at 830-31.

Padilla contends that his sentence was illegal in light of *Nelson v. Colorado*, 137 S. Ct. 1249 (2017). Under *Nelson*, he asserts, acquitted conduct or conduct in which there has been no final conviction may not be considered as relevant conduct in determining a sentence. He asserts that *Nelson* has been or should be made retroactive to cases on collateral review. He does not otherwise discuss the question whether the district court erred in determining that he could not proceed under the Savings Clause of § 2255.

Padilla's *Nelson* claim relates to the legality of his sentence. *See Padilla*, 416 F.3d at 426-27 (holding that a federal prisoner was not entitled to proceed under the Savings Clause because he challenged only the validity of his sentence). He has not shown that the claim is "based on a retroactively applicable Supreme Court decision," which establishes that he "may have been convicted of a nonexistent offense." *Reyes-Requena*, 243 F.3d at 904. Thus, he has not shown that he should be permitted to proceed in a § 2241 proceeding under the Savings Clause of § 2255. *See id.*

The request for leave to proceed IFP on appeal is DENIED and the appeal is DISMISSED. *See Baugh*, 117 F.3d at 202 n.24; *see also* 5TH CIR. R. 42.2.