# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-31197
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 24, 2019

Lyle W. Cayce
Clerk

ROBERT CARRENO, JR.,

Petitioner-Appellant

v.

CALVIN JOHNSON, USP Pollock,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:18-CV-996

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Robert Carreno, Jr., federal prisoner # 84477-280, appeals the dismissal of his 28 U.S.C. § 2241 petition in which he contested the 300-month sentence imposed after his conviction for conspiracy to distribute a controlled substance. The district court for the Western District of Louisiana, where Carreno was in prison at the time he filed his § 2241 petition, found that he did not satisfy the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-31197

savings clause of 28 U.S.C. § 2255(e).  We review the dismissal of the petition de novo.  *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003).

A prisoner may use § 2241 to challenge his conviction only if the remedy under § 2255 is inadequate or ineffective to contest the legality of his detention. § 2255(e).  A § 2241 petition is not a substitute for a § 2255 motion, and Carreno must establish the inadequacy or ineffectiveness of a § 2255 motion by meeting the savings clause of § 2255.  *See* § 2255(e); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).  Under that clause, Carreno must show that his petition sets forth a claim that is based on a retroactively applicable Supreme Court decision that supports that he may have been convicted of a nonexistent offense and that the claim was foreclosed when it should have been raised in his trial, direct appeal, or original § 2255 motion.  *See Reyes-Requena*, 243 F.3d at 904.

Carreno asserts that he erroneously was found to have at least two prior felony drug offenses that rendered him eligible for an enhanced sentence under 21 U.S.C. § 841(b).  He maintains that the definition of "felony drug offense" is unconstitutionally vague and inapplicable.  Carreno contends that § 2241 relief is available to him under *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *Descamps v. United States*, 570 U.S. 254 (2013), and he argues that he otherwise may contest his invalid sentence to avoid a miscarriage of justice.

However, Carreno does not assert that he was convicted of a nonexistent offense or is actually innocent.  His claim that he was ineligible for an enhanced sentence does not meet the requirements of the savings clause of § 2255(e).  *See Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005); *Wesson v. U.S. Penitentiary Beaumont*, 305 F.3d 343, 348 (5th Cir. 2002).  He otherwise has not cited a retroactively applicable Supreme Court decision that addresses whether he was convicted of conduct that is not a crime.  *See Padilla*, 416 F.3d

2

No. 18-31197

at 425-26; *Reyes-Requena*, 243 F.3d at 904.  There is no authority that would allow him to proceed under § 2241 without satisfying the savings clause.

Accordingly, the judgment of the district court is AFFIRMED.  Carreno's motions to consolidate and for the appointment of counsel are DENIED.